**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re                                                     :         Chapter 11
                                                          :
BAUMANN & SONS BUSES, INC., et al.,                       :         Case No. 20-72121 (REG)
                                                          :
                                                          :         (Substantively Consolidated)
                                      Debtors.[1]          :

-----------------------------------------------------------------x

ACME BUS CORP.,                                           :
                                                          :
                                      Plaintiff,          :
                                                          :         Adv. Pro. No. 20-08182
              -against-                                    :
                                                          :
EAST MEADOW UNION FREE SCHOOL DISTRICT,                    :
                                                          :
                                                          :
                                      Defendant.          :

-----------------------------------------------------------------x

ACME BUS CORP.,                                           :
                                                          :
                                      Plaintiff,          :
                                                          :         Adv. Pro. No. 20-08185
              -against-                                    :
                                                          :
FREEPORT UNION FREE SCHOOL DISTRICT,                       :
                                                          :
                                      Defendant.          :

-----------------------------------------------------------------x

ACME BUS CORP.,                                           :
                                                          :
                                      Plaintiff,          :
                                                          :         Adv. Pro. No. 20-08187
              -against-                                    :
                                                          :
MERRICK UNION FREE SCHOOL DISTRICT,                        :
                                                          :
                                      Defendant.          :

-----------------------------------------------------------------x

---

[1]      The "Debtors" in these cases, along with the last four digits of each of the Debtor's federal tax identification number are: Baumann & Sons Buses, Inc. (2109), ACME Bus Corp. (8937), ABA Transportation Holding Co., Inc. (4676), Brookset Bus Corp. (7908), and Baumann Bus Company, Inc. (9631).

---------------------------------------------------------------------x

ACME BUS CORP.,                                    :
                                                   :
                          Plaintiff,               :
                                                   :        Adv. Pro. No. 20-08190
             -against-                             :
                                                   :
NORTH BELLMORE UNION FREE SCHOOL                   :
DISTRICT,                                          :
                                                   :
                          Defendant.               :
---------------------------------------------------------------------x

ACME BUS CORP.,                                    :
                                                   :
                          Plaintiff,               :
                                                   :        Adv. Pro. No. 20-08191
             -against-                             :
                                                   :
PLAINEDGE UNION FREE SCHOOL DISTRICT,              :
                                                   :
                          Defendant.               :
---------------------------------------------------------------------x

ACME BUS CORP.,                                    :
                                                   :
                          Plaintiff,               :
                                                   :        Adv. Pro. No. 20-08192
             -against-                             :
                                                   :
PORT WASHINGTON UNION FREE SCHOOL                  :
DISTRICT,                                          :
                                                   :
                          Defendant.               :
---------------------------------------------------------------------x

ACME BUS CORP.,                                    :
                                                   :
                          Plaintiff,               :
                                                   :        Adv. Pro. No. 20-08194
             -against-                             :
                                                   :
ROCKVILLE CENTRE UNION FREE SCHOOL                :
DISTRICT,                                          :
                                                   :
                          Defendant.               :
---------------------------------------------------------------------x

```
-------------------------------------------------------------------x
  ACME BUS CORP.,                              :
                                               :
                                               :
                              Plaintiff,        :
                                               :        Adv. Pro. No. 20-08195
          -against-                             :
                                               :
  SEAFORD UNION FREE SCHOOL DISTRICT,          :
                                               :
                              Defendant.        :
-------------------------------------------------------------------x
  ACME BUS CORP.,                              :
                                               :
                              Plaintiff,        :
                                               :        Adv. Pro. No. 20-08197
          -against-                             :
                                               :
  SOUTH HUNTINGTON UNION FREE SCHOOL           :
  DISTRICT,                                     :
                                               :
                              Defendant.        :
-------------------------------------------------------------------x
  ACME BUS CORP.,                              :
                                               :
                              Plaintiff,        :
                                               :        Adv. Pro. No. 20-08198
          -against-                             :
                                               :
  BALDWIN UNION FREE SCHOOL DISTRICT,          :
                                               :
                              Defendant.        :
-------------------------------------------------------------------x
  ACME BUS CORP.,                              :
                                               :
                              Plaintiff,        :
                                               :        Adv. Pro. No. 20-08199
          -against-                             :
                                               :
  THREE VILLAGE CENTRAL SCHOOL DISTRICT,       :
                                               :
                                               :
                              Defendant.        :
-------------------------------------------------------------------x
```

```
---------------------------------------------------------------x
  ACME BUS CORP.,                          :
                                           :
                       Plaintiff,          :
                                           :        Adv. Pro. No. 20-08200
          -against-                        :
                                           :
UNIONDALE UNION FREE SCHOOL DISTRICT,      :
                                           :
                       Defendant.          :
---------------------------------------------------------------x
  ACME BUS CORP.,                          :
                                           :
                       Plaintiff,          :
                                           :        Adv. Pro. No. 20-08207
          -against-                        :
                                           :
WESTBURY UNION FREE SCHOOL DISTRICT,       :
                                           :
                                           :
                       Defendant.          :
---------------------------------------------------------------x
  ACME BUS CORP.,                          :
                                           :
                       Plaintiff,          :
                                           :        Adv. Pro. No. 20-08210
          -against-                        :
                                           :
BELLMORE-MERRICK CENTRAL HIGH SCHOOL       :
DISTRICT,                                  :
                                           :
                       Defendant.          :
---------------------------------------------------------------x
  BAUMANN & SONS BUSES, INC.               :
                                           :
                       Plaintiff,          :
                                           :        Adv. Pro. No. 20-08211
          -against-                        :
                                           :
NORTHPORT-EAST NORTHPORT UNION FREE        :
SCHOOL DISTRICT,                           :
                                           :
                       Defendant.          :
---------------------------------------------------------------x
```

4

```
---------------------------------------------------------------x
    BAUMANN BUS COMPANY, INC.,                    :
                                                   :
                              Plaintiff,           :
                                                   :      Adv. Pro. No. 20-08214
            -against-                              :
                                                   :
    BALDWIN UNION FREE SCHOOL DISTRICT,            :
                                                   :
                                                   :
                              Defendant.           :
---------------------------------------------------------------x
    BAUMANN BUS COMPANY, INC.,                    :
                                                   :
                              Plaintiff,           :
                                                   :      Adv. Pro. No. 20-08216
            -against-                              :
                                                   :
    BELLMORE-MERRICK CENTRAL HIGH SCHOOL          :
    DISTRICT,                                      :
                                                   :
                              Defendant.           :
---------------------------------------------------------------x
    BAUMANN BUS COMPANY, INC.,                    :
                                                   :
                              Plaintiff,           :
                                                   :      Adv. Pro. No. 20-08217
            -against-                              :
                                                   :
    EAST MEADOW UNION FREE SCHOOL DISTRICT,       :
                                                   :
                                                   :
                              Defendant.           :
---------------------------------------------------------------x
    BAUMANN BUS COMPANY, INC.,                    :
                                                   :
                              Plaintiff,           :
                                                   :      Adv. Pro. No. 20-08224
            -against-                              :
                                                   :
    FREEPORT UNION FREE SCHOOL DISTRICT,          :
                                                   :
                                                   :
                              Defendant.           :
---------------------------------------------------------------x
```

```
-----------------------------------------------------------------x
BAUMANN BUS COMPANY, INC.,                    :
                                              :
                          Plaintiff,          :
                                              :    Adv. Pro. No. 20-08225
            -against-                         :
                                              :
UNIONDALE UNION FREE SCHOOL DISTRICT,         :
                                              :
                                              :
                          Defendant.          :
-----------------------------------------------------------------x
BAUMANN BUS COMPANY, INC.,                    :
                                              :
                          Plaintiff,          :
                                              :    Adv. Pro. No. 20-08228
            -against-                         :
                                              :
HERRICKS UNION FREE SCHOOL DISTRICT,          :
                                              :
                          Defendant.          :
-----------------------------------------------------------------x
BAUMANN BUS COMPANY, INC.,                    :
                                              :
                          Plaintiff,          :
                                              :    Adv. Pro. No. 20-08229
            -against-                         :
                                              :
ROSLYN UNION FREE SCHOOL DISTRICT,            :
                                              :
                          Defendant.          :
-----------------------------------------------------------------x
BAUMANN BUS COMPANY, INC.,                    :
                                              :
                          Plaintiff,          :
                                              :    Adv. Pro. No. 20-08230
            -against-                         :
                                              :
HEWLETT-WOODMERE UNION FREE SCHOOL            :
DISTRICT,                                     :
                                              :
                          Defendant.          :
-----------------------------------------------------------------x
```

```
-------------------------------------------------------------------x
BAUMANN BUS COMPANY, INC.,                      :
                                                :
                               Plaintiff,       :
                                                :    Adv. Pro. No. 20-08232
               -against-                        :
                                                :
MERRICK UNION FREE SCHOOL DISTRICT,             :
                                                :
                               Defendant.       :
-------------------------------------------------------------------x
BAUMANN BUS COMPANY, INC.,                      :
                                                :
                               Plaintiff,       :
                                                :    Adv. Pro. No. 20-08235
               -against-                        :
                                                :
NORTH BELLMORE UNION FREE SCHOOL                :
DISTRICT,                                       :
                                                :
                               Defendant.       :
-------------------------------------------------------------------x
BAUMANN BUS COMPANY, INC.,                      :
                                                :
                               Plaintiff,       :
                                                :    Adv. Pro. No. 20-08236
               -against-                        :
                                                :
NORTH MERRICK UNION FREE SCHOOL DISTRICT,       :
                                                :
                                                :
                               Defendant.       :
-------------------------------------------------------------------x
BAUMANN BUS COMPANY, INC.,                      :
                                                :
                               Plaintiff,       :
                                                :    Adv. Pro. No. 20-08237
               -against-                        :
                                                :
PORT WASHINGTON UNION FREE SCHOOL               :
DISTRICT,                                       :
                                                :
                               Defendant.       :
-------------------------------------------------------------------x
```

7

```
-------------------------------------------------------------------x
```
BAUMANN BUS COMPANY, INC.,      :

     :

                Plaintiff,    :

     :     Adv. Pro. No. 20-08238

       -against-      :

     :

ROCKVILLE CENTRE UNION FREE SCHOOL    :
DISTRICT,      :

     :

             Defendant.    :

```
-------------------------------------------------------------------x
```
ACME BUS CORP.,      :

     :

                Plaintiff,    :

     :     Adv. Pro. No. 20-08242

       -against-      :

     :

MALVERNE UNION FREE SCHOOL DISTRICT,    :

     :

     :

             Defendant.    :

```
-------------------------------------------------------------------x
```
BAUMANN BUS COMPANY, INC.,      :

     :

                Plaintiff,    :

     :     Adv. Pro. No. 20-08244

       -against-      :

     :

LONG BEACH CITY SCHOOL DISTRICT,    :

     :

     :

             Defendant.    :

```
-------------------------------------------------------------------x
```
BAUMANN BUS COMPANY, INC.,      :

     :

                Plaintiff,    :

     :     Adv. Pro. No. 20-08246

       -against-      :

     :

NORTH SHORE UNION FREE SCHOOL DISTRICT,    :

     :

     :

             Defendant.    :

```
-------------------------------------------------------------------x
```

```
---------------------------------------------------------------------x
BAUMANN BUS COMPANY, INC.,                       :
                                                 :
                          Plaintiff,             :
                                                 :        Adv. Pro. No. 20-08247
          -against-                              :
                                                 :
MALVERNE UNION FREE SCHOOL DISTRICT,             :
                                                 :
                          Defendant.             :
---------------------------------------------------------------------x
ACME BUS CORP.,                                  :
                                                 :
                          Plaintiff,             :
                                                 :        Adv. Pro. No. 21-08010
          -against-                              :
                                                 :
LEVITTOWN UNION FREE SCHOOL DISTRICT,            :
                                                 :
                          Defendant.             :
---------------------------------------------------------------------x
BAUMANN & SONS BUSES, INC.,                      :
                                                 :
                          Plaintiff,             :
                                                 :        Adv. Pro. No. 21-08011
          -against-                              :
                                                 :
COMMACK UNION FREE SCHOOL DISTRICT,              :
                                                 :
                          Defendant.             :

---------------------------------------------------------------------x
ACME BUS CORP.,                                  :
                                                 :
                          Plaintiff,             :
                                                 :        Adv. Pro. No. 21-08012
          -against-                              :
                                                 :
COMMACK UNION FREE SCHOOL DISTRICT,              :
                                                 :
                          Defendant.             :
---------------------------------------------------------------------x
```

## MEMORANDUM DECISION DENYING MOTIONS TO DISMISS

Before the Court are forty-six (46) motions to dismiss,[2] pursuant to Federal Rule of Civil

Procedure 12(b)(6), made by thirty-one (31) school districts on Long Island represented by six

(6) separate law firms (collectively, the school district defendants are referred to herein as the

"Districts" or the "Defendants").[3] The Plaintiff/Debtors are school bus companies which assert

claims for breach of contract and/or unjust enrichment stemming from the Defendants' failure to

compensate the Debtors for being ready willing and able to perform under their contracts during

a period of time when all of the Districts were directed by Order of the Governor of New York to

cease all in-person learning due to the COVID-19 pandemic. From approximately March 16,

2020 through the end of the school year, students were not permitted to attend school in person

and all classes were conducted remotely. Consequently, school bus companies, such as the

Debtors, that were contractually obligated to transport students were no longer permitted to

perform the services required under the contracts.

The Debtors' only source of revenue was derived from the contracts they had executed

with each of the Defendants. When in-person learning was suspended, the Districts ceased

payments to the Debtors leaving the Debtors with no revenue to support their operations. Clearly,

the Debtors were damaged by the loss of revenue. These facts are, for the most part, not in

---

[2]     Approximately eleven (11) of these adversary proceedings have settled or are pending settlement.

[3]     Ingerman Smith LLP and co-counsel, Platzer, Swergold, Goldbert, Katz & Jaslow, LLP represent thirteen (13) different school districts in nineteen (19) separate adversary proceedings. Bond Schoeneck represents three (3) different school districts in four (4) separate adversary proceedings. Frazer & Feldman represents three (3) different school districts in five (5) separate adversary proceedings. Monteiro & Fishman and co-counsel Guercio & Guercio represent seven (7) different school districts in eleven (11) separate adversary proceedings. Lamb & Barnosky LLP represents three (3) different school districts in five (5) separate adversary proceedings. Volz Vigliotta PLLC represents two (2) different school districts in two (2) separate adversary proceedings.

dispute. The only issue before the Court at this time is whether the Debtors have alleged

plausible claims for relief against the Defendants based on the argument that the Defendants are

liable as a matter of law for the economic damages suffered by the Debtors resulting from the

demise of their business.

At a hearing held on October 28, 2021, the Court denied all forty-six (46) motions to

dismiss[4] and indicated that the reasons for the ruling would follow in a written decision to the

extent the Court's reasoning was not already stated on the record at the hearing.

The following constitutes the Court's reasons for its decision to deny the motions to

dismiss. As the focus of any Rule 12(b)(6) motion to dismiss should be the allegations of the

complaint, the Court's analysis will begin there.

## ALLEGATIONS OF THE COMPLAINTS

Relevant to these motions, the complaints allege each of the Defendants had a contract[5]

with one or both of the Plaintiff/Debtors to provide student transportation services for the

2019/2020 school year. (Compl. ¶ 19).[6]

On March 16, 2020, the Governor of New York ("Governor") issued an executive order

requiring the closure of schools state-wide and directing that students be educated via remote

instruction through April 1, 2020. (Compl. ¶ 37). The Governor issued a further executive order

on March 27, 2020 continuing the state-wide closure through April 15, 2020. (Compl. ¶ 38). By

---

[4]     Orders were entered, on or about November 23, 2021, denying the motions.

[5]     The form of the contracts vary, but for each of the Defendants there was a contract for student
transportation services.

[6]     For purposes of this Decision, the Court's citations to paragraphs of the Complaint are taken from
the complaint filed in Adversary Proceeding No. 20-8182, *Acme Bus Corp v. East Meadow Union Free
School District*.

executive order dated April 7, 2020, the closure was further extended through April 29, 2020. (Compl. ¶ 39). By executive order dated April 16, 2020, the closure was extended yet again, through May 15, 2020 (Compl. ¶ 40). By executive order dated May 7, 2020, the closure period was extended through the remainder of the school year (Compl. ¶ 41). The period of time from March 16, 2020 through the end of the school year is referred to herein as the "COVID Closure Period."

As of March 16, 2020, the Districts directed the Debtors not to transport students (Compl. ¶ 23). The Debtors remained ready, willing and able to continue to provide transportation services pursuant to the contract "until it was required to cease all operations" (Compl. ¶¶ 24, 44) and "continued to provide contractually required services to the School District" including, for example, by fulfilling maintenance requirements, complying with NYS Department of Transportation certification requirements, and personnel, safety and insurance requirements (Compl. ¶ 25). The Debtors "incurred substantial costs to remain ready to re-commence transportation." (Compl. ¶ 45). The complaints allege that the Debtors performed under the contract which was for the entire school year and which contained no provision authorizing the Districts to suspend services without compensation (Compl. ¶¶ 29–30). Notwithstanding demand for payment under the contract, the Districts have not made payments for contracted services during the COVID Closure Period, which is a breach of the contract (Compl. ¶¶ 31–32).

On the breach of contract claims, the Debtors' claim expectancy damages equal to "the full [contract] price for the unpaid period less any savings achieved by [the Debtors] as a result of having mitigated its damages, plus interest from June 30, 2020" (Compl. ¶ 33). On or about September 2, 2020, the Debtors presented the Boards of Education of the Districts with notices

of claim seeking damages for breach of the transportation contracts due to the Districts' nonpayment.[7]

With respect to the unjust enrichment claims, the complaints allege that the Districts failed to pay the Debtors even though the Districts budgeted and raised the funds required to pay the Debtors (Compl. ¶ 46). The Districts knowingly received the benefit of the Debtors' efforts and were enriched as a result (Compl. ¶ 47). The Districts received CARES Act grants which were intended to be used by its recipients to, among other things, pay their "contractors during the period of any disruptions or closures related to coronavirus." (Compl. ¶ 48). The Districts' budgets for the 2019-2020 school year were fully funded and it was "practicable" for the Districts to pay the Debtors for the contracted transportation services (Compl. ¶ 50). It is against equity and good conscience to permit the districts to refuse payment to the Debtors altogether (Compl. ¶ 51).

The complaints allege that this Court has jurisdiction over the adversary proceedings pursuant to 28 U.S.C. §§ 157 and 1334 (Compl. ¶ 12).

## DISCUSSION

### I.    Subject matter jurisdiction

Pursuant to 28 U.S.C. § 1334(a), district courts have "original and exclusive jurisdiction of all cases under title 11." District courts may refer a case arising in or related to a case under title 11 to the bankruptcy judges for the district. 28 U.S.C. § 157(a). The Eastern District of New York has, by standing order, referred all cases arising under title 11 to the Bankruptcy Court.

---

[7]    The Court recognizes that whether the Debtors filed proper notices of claim with respect to the Commack Meal Program (as defined in the motion to dismiss, Dkt # 11 in Adv. Proc. No. 21-8011) is a contested issue in Adv. Proc. Nos. 21-8011 and 21-8012. That issue will be addressed later in this Decision.

Eastern District of New York Standing Order of Reference, dated August 28, 1986, as amended by Order, dated December 5, 2012.

A proceeding arises under the Code when it "clearly invoke[s] substantive rights created by federal bankruptcy law." *Kirschenbaum v. U.S. Dep't of Labor (In the Matter of Robert Plan Corp.)*, 777 F.3d 594, 596 (2d Cir. 2015) (quoting *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108–09 (2d Cir. 2015)). A proceeding arises in a bankruptcy case when it invokes "claims that are not based on any right expressly created by [the Bankruptcy Code], but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 597 (quoting *Baker v. Simpson*, 613 F.3d 346, 350–51 (2d Cir. 2010)). A proceeding is related to a bankruptcy case "if the action's 'outcome might have any conceivable effect on the bankrupt estate.'" *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (quoting *Publicker Indus. Inc. v. U.S. (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir.1992)); *In re Purdue Pharma, L.P.*, 21 cv 7532 (CM), 2021 WL 5979108, at *42 (S.D.N.Y. Dec. 16, 2021) (noting that "the Second Circuit has never backed away from its broad reading of 'related to' jurisdiction"). That is, "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (1984)). Related to jurisdiction includes "suits between third parties which have an effect on the bankruptcy estate." *Id.* at 307 n.5.

### A. Core vs. Non-core

Bankruptcy courts may hear and enter a final adjudication in all core proceedings, 28 U.S.C. § 157(b)(1), and may hear and submit proposed findings of fact and conclusions of law to the district court for final judgment in all non-core proceedings, 28 U.S.C. § 157(c)(1).

Core proceedings are those that arise in or under title 11. 28 U.S.C. § 157(b). Congress enumerated a non-exhaustive, illustrative list of core proceedings. 28 U.S.C. § 157(d). Non-core proceedings are those that are related to a case under title 11. 28 U.S.C. § 157(b). Although a bankruptcy judge generally may only submit proposed findings of fact and conclusions of law in a related-to proceeding, if all parties consent, the bankruptcy judge may enter appropriate orders and judgments in the proceeding. 28 U.S.C. § 157(c)(2); *Bethpage Fed. Credit Union & Bus. Servs. Grp., LLC v. Town of Huntington (In re Joe's Friendly Serv. & Son, Inc.)*, Case No. 8-14-70001-reg, Adv. No. 8-16-8035-reg, 2020 WL 3120288, at *11 (Bankr. E.D.N.Y. June 11, 2020). "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3).

### B. Analysis

Several of the Defendants argue that the Court does not have subject matter jurisdiction over these matters because they are not core proceedings under 28 U.S.C. § 157. According to these Defendants, Plaintiffs' common law contract claims exist independent of the bankruptcy proceeding, should have been brought in New York State courts, and would only augment the bankruptcy estate.

Plaintiffs disagree. They point out that many of the Defendants have filed proofs of claim against the Debtors that are directly related to this litigation and argue that the Court's adjudication of the proofs of claim will necessarily resolve the claims brought in the adversary proceedings. Plaintiffs also argue that because these Defendants filed proofs of claim, the Court has jurisdiction to determine the claims in the related adversary proceeding, even if the claims are for a pre-petition contract arising under state law.

When a creditor files a proof of claim, it submits itself to the equitable power of the bankruptcy court to disallow its claim. *Gulf States Expl. Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1389–90 (2d Cir. 1990); *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 191–92 (2d Cir. 2003). "The determination of the objection to and allowance of its claim is clearly within the traditional core jurisdiction of the bankruptcy court." *Manville Forest Prods. Corp.*, 896 F.2d at 1390.

Among the examples of core proceedings provided by 28 U.S.C. § 157(b)(2) are: "allowance or disallowance of claims against the estate . . ." and "counterclaims by the estate against persons filing claims against the estate . . ." 28 U.S.C. § 157(b)(2)(B), (C). "A response to a proof of claim which is, in essence, a counterclaim, is a core proceeding under 28 U.S.C. § 157(b)(2)(C)." *Bankr. Servs., Inc. v. Ernst & Young (In re CBI Holding Co., Inc.)*, 529 F.3d 432, 462 (2d Cir. 2008) (finding that the debtor's claims of negligence, breach of contract, and fraud were core because they were filed in response to the creditor's proof of claim and based on the same set of facts). When breach of contract and/or common law claims arise out of the same operative facts as the proof of claim, the claims are also core. *Id.* at 461–62.

Of the thirty-one (31) Districts before the Court, fifteen (15) filed proofs of claim,[8] availing themselves of the equitable power of this Court to adjudicate claims against the Debtors. The Plaintiffs have filed objections to the proofs of claim and adversary proceedings which

---

[8] Those school districts are: East Meadow Union Free School District, Freeport Union Free School District, North Bellmore Union Free School District, Baldwin Union Free School District, Uniondale Union Free School District, Bellmore-Merrick Central High School District, William Floyd Union Free School District, Malverne Union Free School District, North Shore Central School District, Valley Stream Central High School District, Valley Stream Union Free School District 13, Three Village Central School District, West Hempstead Union Free School District, Farmingdale Union Free School District, and Island Trees Union Free School District.

involve the same subject matter as the proofs of claim. Thus, the adversary proceedings against these fifteen (15) Districts are core proceedings within this Court's subject matter jurisdiction under 28 U.S.C. § 157.

Eighteen (18) of the Districts did not filed proofs of claim and therefore the claims against them in this adversary proceeding are non-core.[9] *See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1102 (2d Cir. 1993) (finding a "breach-of-contract action by a debtor against a party to a pre-petition contract, who has filed no claim with the bankruptcy court, is non-core."); *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). That the proceedings are non-core does not eliminate this Court's subject matter jurisdiction over the proceeding; it merely dictates whether the Court may enter a final adjudication on the matter or submit proposed findings of fact and conclusions of law to the District Court for a final determination. In either case, the Court has the jurisdiction to hear the proceeding against these Defendants as long as they are related to the bankruptcy case; that is, if the outcome of these adversary proceedings will have any conceivable effect on the bankruptcy case.

Courts in the Second Circuit follow the Third Circuit's standard:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . . Thus, the proceeding need not necessarily be against the debtor or against the debtor's

---

[9]     Those school districts are: Merrick Union Free School District, Plainedge Union Free School District, Rockville Centre Union Free School District, Seaford Union Free School District, South Huntington Union Free School District, Northport-East Northport Union Free School District, Herricks Union Free School District, Roslyn Union Free School District, North Merrick Union Free School District, Westbury Union Free School District, Port Washington Union Free School District, Levittown Union Free School District, Commack Union Free School District, Hewlett-Woodmere Union Free School District, Long Beach City School District, Academy Charter Schools, Valley Stream Union Free School District 24, and Yorktown Central School District.

17

> property. An action is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Nemsa Establishment, S.A. v. Viral Testing Systems Corp.*, No. 95 Civ. 0277 (LAP), 1995 WL 489711, at *2–3 (S.D.N.Y. Aug. 15, 1995) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

The instant proceedings clearly will have an effect on the bankruptcy estate's administration. The outcome of this litigation will determine if certain of the Defendants have claims against the Debtors, or if Defendants are liable to the Debtors. Either way, this will directly impact the dollar amount of distributions to unsecured creditors. Thus, the claim is related to the bankruptcy case and this Court has subject matter jurisdiction over the claims as a non-core matter.

## II.    Abstention

Several of the Defendants also argue that the Court should abstain from hearing these adversary proceedings for several reasons, including that the Court does not have subject matter jurisdiction, these are non-core issues based solely on state law, the Court is not a convenient forum because the Defendants do not consent to the Court entering a final order, and the Defendants request a jury trial.

For the reasons set forth below, the Court will not abstain.

### A.  Mandatory Abstention

Federal courts must "abstain from hearing non-core bankruptcy matters concerning state law issues in certain circumstances." Abstention is required under 28 U.S.C. § 1334(c)(2) if

(1) the motion for abstention is timely; (2) the action is based on a state law claim; (3) the action is "related to" but does not "arise in" a bankruptcy case or "arise under" the Bankruptcy Code; (4) section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) that action can be timely adjudicated in state court.

*Molner v. Reed Smith LLP (In re Aramid Ent. Fund, LLC)*, 628 B.R. 584, 593 (Bankr. S.D.N.Y. 2021). Each of the six conditions must be met. *Id.*

Mandatory abstention fails in this case. With respect to the proceedings in which Defendants have filed proofs of claim, the third factor is not met because the Court has determined that the action against those Defendants are core proceedings. "Under the third factor, core proceedings are deemed to involve 'arising in' or 'arising under' jurisdiction, such that mandatory abstention does not apply." *Id.* at 594 (citing *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 232 (2d Cir. 2002)). As to all of the Defendants, the fifth factor fails because no actions have been commenced in state court on these issues involving these parties.

### B. Permissive Abstention

Permissive abstention is within the discretion of the bankruptcy court. *In re Petrie Retail, Inc.*, 304 F.3d at 232. There is a presumption against abstention and "[f]ederal courts have an obligation to exercise the jurisdiction properly given to them . . . ." *In re Aramid Ent. Fund, LLC*, 628 B.R. at 594.

Courts in the Second Circuit consider twelve factors in determining whether to exercise permissive abstention, but the Court need not consider each factor and may decide to abstain if only some factors weigh in favor of abstention. *Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n*, 580 B.R. 605, 612 (E.D.N.Y. 2018). The factors are:

(1) the effect or lack thereof on the efficient administration of the [bankruptcy] estate if a Court recommends abstention,
(2) the extent to which state law issues predominate over bankruptcy issues,
(3) the difficulty or unsettled nature of the applicable state law,
(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
(7) the substance rather than form of an asserted "core" proceeding,
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
(9) the burden of [sic] [the court's] docket,
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
(11) the existence of a right to a jury trial, and
(12) the presence in the proceeding of nondebtor parties.

*Id.*

As to the first factor, abstention would impair the efficient administration of the bankruptcy estate. There are dozens of adversary proceedings which will have a direct effect on the administration of the Debtors' bankruptcy estates and which involve substantially similar issues and causes of action. Keeping these proceedings in one court enables all these similar issues to be heard together and allows for an efficient determination of the issues. Any litigation of the instant proceedings in other forums would be scattershot, "duplicative and wasteful." *New York City Emps.' Ret. Sys. v. Ebbers (In re WorldCom, Inc. Securities Litigation)*, 293 B.R. 308, 334 (S.D.N.Y. 2003). If the Court abstains from hearing some proceedings, the estate would be delayed as it awaits decisions from other courts determining the Plaintiffs' respective liabilities to the Defendants. Efficiency and consistency weigh heavily in favor of not abstaining.

As to the second factor, state law issues do predominate over bankruptcy issues. However, "[t]he fact that a complaint is based on state law causes of action does not mandate

equitable abstention or remand, particularly where the state law claims are not novel or complex . . . ." *Neuman v. Goldberg*, 159 B.R. 681, 688 (S.D.N.Y. 1993).

As to the third factor, this Court is well-equipped to determine breach of contract and unjust enrichment claims. State contract law is neither unsettled nor relatively difficult; no specialized knowledge is required to determine these claims. *See Winstar Holdings, LLC et al. v. Blackstone Grp. L.P. et al.*, No. 07 Civ. 4634 (GEL), 2007 WL 4323003, at *5 (S.D.N.Y. Dec. 10, 2007); *see ML Media Partners, LP v. Century/ML Cable Venture (In re Adelphia Commc'ns Corp.)*, 285 B.R. 127, 146 (Bankr. S.D.N.Y. 2002).

As to the fourth factor, as stated previously, there are no related actions pending in state court involving these parties such that there would be a "danger of inconsistent judgments or friction between state and federal courts." *Weisman v. S.E. Hotel Props. Ltd. P'ship*, No. 91 Civ. 6232 (MBM), 1992 WL 131080, at *3 (S.D.N.Y. June 1, 1992).

As to the sixth factor, the Court has already determined that the claims against Defendants who have filed proofs of claim are core proceedings such that they necessarily arise in a bankruptcy case, or under a title 11. Those claims are certainly related to and impact the bankruptcy case. The Court has also determined that the claims against Defendants who have not filed a proof of claim are related to the bankruptcy case because they impact the Debtors' pool of assets and liabilities which directly affects distributions to creditors in the case. This factor weighs against abstention.

As to the eighth factor, there are non-state law claims, *i.e.*, the Debtors' objections to certain proofs of claim, alleged in these proceedings which cannot be determined without first determining the state law breach of contract and unjust enrichment claims. It is not feasible to sever the Plaintiffs' claims in the adversary proceedings from the claims allowance process that

is under way with certain of the Defendants, and it is not necessary because this Court has already found it has related to jurisdiction over these lawsuits.

As to the eleventh factor, to the extent that any Defendants demand a jury trial, this weighs in favor of abstention, but not by much. *See In re Adelphia Commc'ns Corp.*, 285 B.R. at 147; *see also In re Aramid Entertainment Fund, LLC*, 628 B.R. at 600 (holding that plaintiff's jury trial demand did not weigh heavily in favor of abstention in light of other considerations that made abstention inappropriate). If, in fact, Defendants are found to have a right to a jury trial, the claims could proceed in the bankruptcy court and be tried, if necessary, by the District Court. *See Adelphia*, 285 B.R. at 147 (finding "the most important concerns are that [] claims against all defendants be litigated together and in a coordinated way, and that they be coordinated with proceedings in the bankruptcy court. These concerns are far more important, in this Court's view, than concerns as to whether a bankruptcy judge, on the one hand, or a district judge, on the other, handles any ultimate jury trial.").

These factors weigh heavily against abstention. The Court declines to exercise permissive abstention.

## III.    Primary jurisdiction

Some of the Defendants argue that under the doctrine of primary jurisdiction, the Court should defer to the New York State Commissioner of Education ("Commissioner") to decide the issues presented in these adversary proceedings. According to these Defendants, the Commissioner has authority under New York Education Law § 305[14] to review requests for and approve school transportation contracts and to interpret regulations governing the determination of payment of transportation contracts. Deference is required, they argue, because

these actions involve technical or policy considerations within the expertise of the Commissioner.

Plaintiffs argue that no specialized knowledge of education policy is required for the Court to determine these contract disputes. Deference to the Commissioner is appropriate only where the determination involves professional judgment and discretion of those responsible for the administration of public schools. Plaintiffs assert that discrete issues of law that do not involve policy are best determined by the courts.

## A. Analysis

"The doctrine of primary jurisdiction is a 'discretionary doctrine,' which 'is used to fix forum priority when the courts and an administrative agency have concurrent jurisdiction over an issue.'" *GDS ex rel. Slade v. Northport-East Northport Union Free Sch. Dist*, 915 F. Supp. 2d 268, 274 (E.D.N.Y. 2012) (quoting *Mrs. W. v. Tirozzi,* 832 F.2d 748, 758–59 (2d Cir. 1987)). The doctrine aims "to 'promot[e] proper relationships between the courts and administrative agencies charged with particular regulatory duties' and 'to allocate initial decision making responsibility between courts and agencies' so as 'to ensure that they do not work at cross-purposes.'" *Id.* at 274 (alterations in original) (quoting *Ellis v. Tribune TV Co.,* 443 F.3d 71, 81 (2d Cir. 2006)).

The doctrine of primary jurisdiction is appropriate "whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Ellis v. Tribune Television Co.*, 443 F.3d 71, 81

(2d Cir. 2006). The Second Circuit considers four factors in determining whether to invoke the doctrine of primary jurisdiction:

(1) Whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise;
(2) Whether the question at issue is particularly within the agency's discretion;
(3) Whether there exists a substantial danger of inconsistent rulings; and
(4) Whether a prior application to the agency has been made.

*Id.* at 82–83.

"[W]hile '[t]he general rule is that an appeal to the commissioner is the exclusive remedy where the issue involves the professional judgment and discretion of those responsible for the administration of public schools,'" in cases "[w]here [ ] a statutory or constitutional provision is the basis of the dispute or where discrete issues of law are present which do not involve matters of policy, review . . . by the courts is proper.'" *GDS ex rel. Slade*, 915 F. Supp. 2d at 276 (quoting *Walker v. Bd. of Educ.*, 78 A.D.2d 982, 983 (4th Dept. 1980)).

These adversary proceedings allege breaches of contract. Determining when and how a contract was breached, even if between a school district and bus company, is well within the knowledge and expertise of the Court and no specialized knowledge is needed. New York Education Law § 305[14] gives the Commissioner the authority to approve or reject contracts. It does not say that the Commissioner must review and determine disputes alleging breach of those contracts. Breach of a contract is distinct from challenges to policy or technical considerations that the Commissioner would be more apt to determine. Nor would the Commissioner be able to provide Plaintiffs the relief they seek because the Commissioner does not have "jurisdiction over the relief sought and cannot provide an adequate remedy." *GDS ex rel. Slade*, 915 F. Supp. 2d at 276. Thus, primary jurisdiction doctrine does not require Plaintiff to resort to the Commissioner.

24

*See id.* Finally, there is no danger of inconsistent rulings if this Court adjudicates these lawsuits because the Commissioner cannot also rule on the issue and there is no assertion that any prior application to the agency has been made by any party. Thus, the Court declines to invoke the doctrine of primary jurisdiction.

## IV.    **Necessary Party Joinder**

Defendants argue that complete relief cannot be afforded without the State Education Department ("SED") and/or New York State being a party to the actions because the Commissioner and/or SED has oversight responsibility for the Districts' provision of pupil transportation services, including approving and processing transportation contracts and extensions. SED determines whether transportation aid will be paid to the school districts which is the primary source of funding for the transportation contract. When in-person instruction was suspended due to COVID, SED issued guidance stating that the New York State Education Law did not authorize the state to reimburse costs associated with keeping employees or contracts on standby or the cost incurred when transportation services were not being provided to students during the COVID Closure Period and that school districts could not claim or receive state reimbursement for standby costs. According to Defendants, SED would be directly impacted by the judgment as a result of the contrary guidance because the contracts are subject to substantial reimbursement by the state and SED. As potential payors, Defendants argue, SED and New York State are necessary parties to the litigation.

Plaintiffs assert that the Defendants' payment obligations under the contracts are not contingent upon the receipt of state aid and whether the Districts ultimately receive aid is irrelevant; only the Districts and Debtors were parties to the contracts. Moreover, Plaintiffs argue

that the SED guidance Defendants refer to was superseded by legislation providing that in certain circumstances SED will reimburse school districts for monies paid to transportation service providers for standby costs incurred during the COVID Closure Period. Finally, they argue that if SED and/or New York State are considered indispensable parties here, they would be indispensable in every action for non-payment by a school district where any part of that contract is reimbursed by state aid.

### A. Analysis

Pursuant to Fed. R. Civ. P. 19(a):

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Defendants cite to *Ente Nazionale Idrocarburi v. Prudential Secs. Grp., Inc.*, 744 F. Supp. 450 (S.D.N.Y. 1990) for the proposition that New York State and SED are indispensable as potential payors because the contract is subject to substantial reimbursement by New York State and SED. However, in that case the indispensable party had "clear rights and affirmative obligations under the contract." *Id.* at 458. Here, the terms of the contract, in compliance with New York State Education Law § 305[14], only state that the contract is subject to approval by the Commissioner. It provides for no rights or obligations by the Commissioner, SED, or New York State.

26

Whether the Districts receive aid is irrelevant to a determination of what, if any, liability the Districts may have under the transportation contracts. If the Court determines that the Districts are liable whether the Districts are reimbursed by the State is not germane to the issue before the Court. Whatever aid may be available from the State is between the Districts and the State. The Court, in deciding the breach of contract action, is not being asked to determine whether the State must reimburse the Districts for amounts that are found owing. Nor are the Plaintiffs asking this Court to hold the State liable. The Court's determination of liability here is not affected by whether any amounts the Districts are found to owe are eligible for aid or reimbursement.

For these reasons, the Court finds that neither New York State nor SED are necessary parties to these actions.

## V.    Fed. R. Civ. Proc. 12(b)(6) and Federal Pleading Standards

The Defendants argue that the complaints fail to state claims upon which relief can be granted and have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

> Dismissal under Rule 12(b)(6) is only proper when it appears beyond doubt that there are no set of facts in support of plaintiff's claim which would entitle plaintiff to relief. A complaint should not be dismissed simply because a plaintiff is unlikely to succeed on the merits. In reviewing the dismissal of a complaint for 12(b)(6) insufficiency, the complaint is to be construed in the light most favorable to the plaintiff. . . . [and] the [] court 'must accept as true all the factual allegations in the complaint.'

*Harsco Corp. v. Segui*, 91 F.3d 337, 341 (2d Cir. 1996) (citations omitted).

Under Federal Rule of Civil Procedure 8(a), the complaint must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief; and [] a demand for the relief sought, which may include relief in the alternative or a different type of relief." Fed. R.

Civ. P. 8(a). The complaints, however, must state "plausible" claims for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (finding to survive motion to dismiss, complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and that a claim has "facial plausibility" when plaintiff pleads factual content that allows court to draw reasonable inference that defendant is liable for misconduct alleged); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

## VI.    The Breach of Contract Claims[10]

To state a claim for breach of contract under New York law, a complaint must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco*, 91 F.3d at 348 (citing *Tagare v. Nynex Network Sys. Co.*, 921 F.Supp. 1146, 1149 (S.D.N.Y. 1996)).

The complaints allege, and the Defendants do not dispute, the existence of an agreement between the Debtors and the Districts, thus the first element of the claim has been established. With respect to the second and third elements of the claim, the Districts argue that the complaints do not "plausibly" plead adequate performance of the contract by the Debtors, nor do the complaints adequately plead a breach of the contracts by the Districts.

With respect to the second element, all parties agree that the Debtors did not transport students to and from school under the contract during the COVID Closure Period. The Debtors argue that they pled their own adequate performance under the contracts by alleging that they

---

[10]    The Debtors concede that there was no written contract to provide services for the meal delivery program described in the adversary proceedings against the Commack Union Free School District (Adv. Proc. Nos. 21-8011 and 21-8012), and agreed to withdraw the breach of contract claims as they relate to the Commack meal delivery program only. Claims related to the Commack meal delivery program will proceed only under the unjust enrichment theory for relief.

remained ready, willing and able to perform if and when the school closure orders were lifted. The Districts contend that (1) the Debtors did not adequately plead their own performance under the contract because the Debtors did not allege, nor did they in fact provide, transportation services under the contracts, and (2) to the extent the Debtors' remaining ready willing and able to perform under the contract constitutes adequate performance, the Debtors were not ready willing and able because they laid off their employees in March of 2020 and initiated an assignment for the benefit of creditors under New York law in April of 2020.

With respect to the third element of the breach of contract claim, the Defendants argue that the complaints fail to allege a specific provision of the contract that was breached by Defendants. The Debtors claim that the Defendants breached the contract by their nonpayment, and the failure to mention a specific contract provision is not fatal to the complaints.

The Court finds that the second and third elements of the breach of contract claims have been sufficiently pled. As to the second element, the Debtors have alleged that it was no fault of their own that their performance under the contract was suspended due to the pandemic, and that they were ready, willing and able to perform under the contracts. The Defendants argue that the Debtors were not entitled to any payment under the contract for services not performed. These issues can only be resolved when the Court has the opportunity to review evidence presented at trial, not at this early stage of the case. As to the third element, the Debtors have alleged nonpayment under the contract. The Defendants do not dispute that payments were not made but argue that no payments were due under the contract terms. This is a defense to be raised at trial, not a basis to dismiss on the pleadings, and the failure to reference a specific contract term is not fatal to the pleading. *See Annuity, Welfare & Apprenticeship Skill Improvement v. Tightseal Constr. Inc.*, 17 Civ. 3670 (KPF), 2018 WL 3910827, at *10 (S.D.N.Y. Aug. 14, 2018).

29

Finally, the complaints clearly seek expectancy damages under the contracts at paragraph 33 of the Complaint. Whether or not the Debtors are able to prove their breach of contract claims at trial remains to be seen, but the Court finds that the Debtors have pled plausible claims for relief under Federal Rules of Civil Procedure 8 and 12(b)(6), and relevant Supreme Court guidance.

## VII.    Unjust Enrichment

Defendants argue that the existence of a contract precludes Plaintiffs' claims for unjust enrichment, and these claims should be dismissed under New York case law as duplicative of the breach of contract claims. They also argue that the Complaints fail to allege that the Defendants retained anything of value belonging to Plaintiffs at Plaintiffs' expense, and therefore the claims should be dismissed under Rule 12(b)(6). Defendants also assert that Plaintiffs' reliance on the Defendants' receipt of funding under the Coronavirus Aid, Relief, and Economic Security (CARES) Act is misplaced, as there is neither an express nor implied private right of action in the language of the CARES Act, and even if there were, Defendants have not been unjustly enriched by the CARES Act.

Plaintiffs agree that simultaneous recovery for breach of contract and unjust enrichment is prohibited, but they argue that since they have not obtained a favorable judgment on the breach of contract claims it is premature to dismiss the unjust enrichment claims. According to Plaintiffs, New York courts and the Federal Rules of Civil Procedure permit them to plead in the alternative even where claims are inconsistent or contradictory. Plaintiffs further argue that the complaints adequately plead the elements of an unjust enrichment claim.

### A. Analysis

A plaintiff claiming unjust enrichment must establish that (1) the defendant was enriched (2) at the plaintiff's expense and (3) "the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 519 (2d Cir. 2001).

The existence of a written contract precludes recovery for unjust enrichment. *Valley Juice Ltd., Inc. v. Evian Waters of France, Inc.*, 87 F.3d 604, 610 (2d Cir. 1996); *see Superintendent of Insurance for New York v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 213 (2d Cir. 2004). But at the pleading stage, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3); *Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, 16-CV-3181 (RPK) (CLP), 2020 WL 7042642, at *11 (E.D.N.Y. Nov. 30, 2020). Federal courts interpret this to mean that plaintiffs may assert a breach of contract claim and, in the alternative, an unjust enrichment claim. *Chartwell Therapeutics Licensing, LLC.*, 2020 WL 7042642, at *11 ("[P]leadings may generally include quantum meruit and unjust enrichment claims along with breach of contract claims . . . ."). However, there must be a dispute as to the contract's validity, enforceability, or whether the contract covers the dispute at issue, or an allegation that one party was wrongfully prevented by the other from performing the contract. *Id.*; *Courtien Commc'ns, Ltd. v. Aetna Life Ins. Co.*, 193 F. Supp. 2d 563, 571 (E.D.N.Y. 2002); *see U.S. of Am. for the Use and Benefit of Five Star Elec. Corp. v. Liberty Mutual Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018).

There are two issues to resolve here: (1) whether the unjust enrichment claims must be dismissed as duplicative of the breach of contract claims, and (2) whether the Plaintiffs have

adequately plead the unjust enrichment claims. On the first issue, the Court finds that the existence of a contract in this case does not preclude the assertion of a claim for unjust enrichment. The parties dispute whether the contract covers the circumstances presented by the facts of this case; that is whether Defendants were required to compensate Plaintiffs for remaining ready, willing and able to perform during the COVID Closure Period. Although the claims for breach of contract and unjust enrichment are based on the same facts, Plaintiffs may claim unjust enrichment alternatively to the breach of contract claim. If the Court determines that the contract terms afford no relief to the Plaintiffs under these facts, then Plaintiffs may be entitled to recovery under the unjust enrichment claim. *See Ford v. Rensselaer Polytechnic Inst.*, 507 F. Supp. 3d 406, 419 (N.D.N.Y. 2020) ("If defendant successfully proves that there is no valid, enforceable contractual provision that affords plaintiffs relief, then their unjust enrichment claim would be viable regardless of their erstwhile breach of contract claims."). If the reverse is true and Defendants are found liable under the contract, then clearly there could be no unjust enrichment claim. The Court will not dismiss the unjust enrichment claims as duplicative of the breach of contract claims at this stage of the proceedings.

As for the Rule 12(b)(6) pleading issue, the Court finds that the unjust enrichment claims have been adequately plead. Plaintiffs allege that the Defendants were enriched by Plaintiffs' efforts to remain ready willing and able to immediately resume normal student transportation and that Plaintiffs incurred substantial costs to do so. Plaintiffs also allege that it is against equity and good conscience to permit the Defendants not to compensate Plaintiffs for their efforts. These are plausible allegations supported by factual allegations that if assumed to be true might establish a claim for unjust enrichment. Defendants assert the defense that Plaintiffs' payment of their own costs in attempting to fulfill the contracts was for its own benefit and once Plaintiffs stopped

32

providing transportation services, no further payment was required. Defendants also argue that the CARES Act did not cause them to be enriched at Plaintiffs' expense. These are issues to be resolved at trial, not on a motion to dismiss.

The Court finds the unjust enrichment claims should not be dismissed under Rule 12(b)(6).

## VIII.    Commack Meal Delivery Program (Adv. Proc. Nos 21-8011 and 21-8012)

This claim is unique to the Commack Union Free School District ("Commack"). The complaints allege that the Debtors used their equipment and personnel to operate a meal delivery program for, and at the request of, Commack from April 6, 2020 through April 17, 2020. The Debtors purchased the necessary personal protection equipment and paid the employees who serviced the meal program (Adv. Proc. No. 21-8011, Compl. ¶ 33). The Debtors allege that they relied on Commack's representations that they would be paid for their services (Adv. Proc. No. 21-8011, Compl. ¶ 33). The parties negotiated a proposed written amendment to their school transportation agreement to include payment for these services, but an agreement to provide these particular services was not ultimately reduced to writing.  (Adv. Proc. No. 21-8011, Compl. ¶ 34). The complaints allege that on April 17, 2020, after the Debtors performed meal delivery services for Commack for approximately ten (10) days, the school district advised the Debtors that they would not be paid unless the Debtors signed the proposed written amendment to the school transportation agreement, the terms of which amendment were specifically rejected by the Debtors. (Adv. Proc. No. 21-8011, Compl. ¶ 35). At that time, the Debtors ceased providing the meal delivery services. The complaints originally sought to collect payment under breach of contract, promissory estoppel and unjust enrichment theories. The Debtors have since withdrawn

the claim under the breach of contract theory because there was no written agreement. Only the promissory estoppel and unjust enrichment claims remain.[11]

Commack first seeks to dismiss these claims under a technical procedural argument. That is, under New York State Education Law § 3813 a "timely presentation of a notice of claim is a condition precedent to maintaining claims against a school district." While the Debtors did file a notice of claim against Commack the notice of claim only makes reference to a claim for payment under the student transportation agreement for the 2019/2020 school year. Commack argues that the notice of claim does not specifically mention any claim related to the meal delivery program and therefore any claim related to the meal delivery program must be dismissed.

Commack also argues that promissory estoppel has not been adequately pled under New York law. To be successful on a promissory estoppel claim under New York law, plaintiff must establish: "(1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance on that promise; and (3) injury to the relying party as a result of the reliance." *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000). According to Commack the Debtors' allegations are "conclusory" and "threadbare." (Adv. Proc. No. 21-8011, Mem. of Law in Supp. of Mot. to Dismiss, Dkt No. 12, at 19). With respect to the first element of the claim, Commack argues that the complaint does not identify who made the promise to pay the Debtors, when the promise was made or what specifically was promised.  With respect to the second element of the claim, Commack argues

---

[11]    With respect to the Meal Program claims Commack seeks to dismiss the claims under all theories based on the Debtors' allegedly deficient notice of claim. Commack also seeks to dismiss the promissory estoppel claims based on the insufficiency of the pleading. Commack's arguments with respect to the insufficiency of pleading for the unjust enrichment claims is addressed in section VII of this Decision.

that the complaint fails to sufficiently allege reasonable reliance on the alleged promise because the Debtors ultimately rejected the terms dictated by Commack.

The Court will not dismiss the claims related to the meal delivery program at this stage in the proceedings. New York General Municipal Law § 50-e(6) provides that a defect in notice may be corrected or disregarded, at the discretion of the court, as long as it appears that the other party was not prejudiced by the defect. N.Y. Gen. Mun. Law § 50-e(6). First, Commack does not dispute that the Debtors provided the meal delivery services and provided them at Commack's request. Commack also does not dispute that the Debtors were not paid for these services. Second, although the notice of claim served on Commack did not specifically mention the meal delivery program, it did assert damages in the total amount of $2,056,131.60 which is the same claim for damages that is asserted in the instant adversary proceeding.[12] It appears that, monetarily, the meal delivery program claims were in fact included in the notices of claim even if they were not specifically delineated as such. Finally, it is undisputed that Ron Baumann testified extensively with respect to the meal delivery claims at an examination under General Municipal law § 50-h in connection with the notice of claim. This testimony can be used to surmount a motion to dismiss alleging deficiencies in the notice of claim. *See D'Alessandro v. NYC TA,* 83 N.Y.2d 891 (1994) ("In passing on the sufficiency of a notice of claim in the context of a motion to dismiss, courts are not confined to the notice of claim itself. The relevant inquiry is set forth in General Municipal Law § 50-e (6), which provides that 'a mistake, omission, irregularity or defect made in good faith . . . may be corrected, supplied or disregarded, as the

---

[12]    The $2,056,131.60 notice of claim was against Debtor, Baumann. A notice of claim in the amount of $1,201,182.67 was served against Debtor, Acme, which is the same amount sought in the Acme adversary proceeding here (21-8012).

case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby' and in determining prejudice to the defendant the court can look to evidence adduced at a section 50-h hearing."). Any deficiency in the notice of claim did not prejudice Commack and the Court will not dismiss on that basis.

**CONCLUSION**

Putting aside for the moment the arguments and defenses raised by the Defendants, the Districts' nonpayment under the student transportation agreements during the COVID Closure Period appears to be directly related to the New York State legislature's decision to prohibit the Districts from seeking state aid to pay the Debtors' "standby costs."

As part of the 2021/2022 state budget, New York State Education Law § 3623-a(4) ("Allowable transportation expense") was amended to allow school districts state-wide to seek reimbursement for certain COVID-related transportation expenditures incurred during the 2019/2020 school year. Specifically, the law was amended to allow school districts to seek state aid for expenditures for transportation standby costs between March 16, 2020 and May 7, 2020. "Standby costs are defined as payments to a transportation contractor during the time that the contractor was not transporting students due to COVID related school closures directed by Executive Order."[13] The exception to this allowance seems to preclude aidable standby expenses only to bus companies that (a) commence litigation to recover standby costs, and (b) do not enter into new contracts with the school district. That is, a litigation settlement of standby costs without a new contract, is not an aidable expense. It was Debtors' counsel's opinion, stated at the hearing, that state-wide this exception would apply only to the Debtors due to their liquidation

---

[13] https://stateaid.nysed.gov/trans/Spring_2020_Unaidable_COVID_Transportation_Expenditures.html

which precludes them from entering into new transportation contracts. The Court has no basis to know whether this is true, but will note that the Districts' ability to receive state aid to cover their liability under the transportation contracts, whatever that may be, is not relevant to the Districts' liability and will not bear on this Court's analysis of the Debtors' claims here.

It does appear, however, that the state legislature's decision to give state aid to cover transportation standby costs between March 16, 2020 and May 7, 2020 implies a recognition by the legislature, that the bus companies have valid and enforceable claims for such amounts under the transportation contracts. If there were no right to contract payment, then the aidability of those claims could be considered, for example, a "gift" or a "post-bid modification" both of which could be construed as violating the New York State constitution, as argued by certain of the Defendants.

On the merits of the Debtors' claims the Court will also note that the Debtors' counsel acknowledged on the record that the Debtors "went out of business" as of April 17, 2020. Exactly what this means in terms of the Debtors' ability to perform under the contracts after April 17th is a matter to be determined at trial, but the Court is skeptical that the Debtors' contract claims should extend beyond April 30, 2020—the date the Debtors executed an assignment for the benefit of creditors under New York State law.

The Defendants' motions to dismiss are denied.



**Dated: Central Islip, New York**
**January 4, 2022**

**Robert E. Grossman**
**United States Bankruptcy Judge**